UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA DELTA SERVICE CORPS
(operating as Serve Louisiana),        3:25-cv-00378-JWD-RLB
v.

CORPORATION FOR NATIONAL AND COMMUNITY SERVICE (AmeriCorps Agency),
UNITED STATES DEPARTMENT OF GOVERNMENT EFFICIENCY (DOGE),
OFFICE OF MANAGEMENT AND BUDGET.

## MOTION FOR PRELIMINARY INJUNCTION

Complainant Louisiana Delta Service Corps (operating as Serve Louisiana) respectfully moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65 of the Middle District of Louisiana, for entry of a preliminary injunction enjoining Defendants from terminating any current AmeriCorps grant awards pending resolution of this action. In support, Complainant relies upon its Complaint (ECF No. 1), Memorandum in Support, affidavit of Lisa Moore, and all other pleadings and evidence on file.

## I. STATEMENT OF FACTS

1. On April 24, 2025, the Office of Management and Budget issued a memorandum directing the rescission of approximately $400 million in AmeriCorps grant appropriations for FY 2025. Shortly thereafter, the Department of Government Efficiency (DOGE) ordered the AmeriCorps Agency to implement the rescission without advance notice to grantees.

2. On April 25, 2025, AmeriCorps Agency sent abrupt termination notices to all fifty State service commissions—terminating 41% of FY 2025 funding and affecting over

1,000 grantee organizations and more than 32,000 AmeriCorps members and senior volunteers nationwide, including dozens in Louisiana Delta Service Corps programs.

3. No written reasons, factual findings, or statutory citations accompanied the termination notices, nor were grantees afforded opportunity to cure alleged deficiencies or to be heard.

4. In the absence of injunctive relief, these sudden cuts will immediately terminate critical service positions, disrupt vital community programs, and inflict irreparable harm on the populations served.

## II. LEGAL STANDARD

5. To obtain a preliminary injunction, Complainant must demonstrate (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury in the absence of preliminary relief, (3) that the threatened injury outweighs any harm the relief would cause Defendants, and (4) that the injunction would not disserve the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008); Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618 (5th Cir. 1985).

### A. Likelihood of Success on the Merits

6. Complainant is likely to succeed on its APA claims. Defendants' abrupt, unexplained termination of lawfully awarded grants is arbitrary and capricious (5 U.S.C. § 706(2)(A)), exceeds statutory authority (5 U.S.C. § 706(2)(C)), and violates the APA's procedural requirements (5 U.S.C. § 553). No provision of the National and Community Service Act

authorizes retroactive rescission of already-awarded grants, and Defendants failed to provide notice-and-comment or any due process to grantees.

**B. Irreparable Harm**

7. Absent a preliminary injunction, Complainant will suffer immediate and irreparable harm. Critical service positions will be terminated, disrupting programs that cannot be restored by monetary relief, and causing irreparable loss of institutional expertise and public trust.

**C. Balance of Equities and Public Interest**

8. The equities and public interest favor preserving the status quo. AmeriCorps programs deliver essential educational, health, and disaster-response services. Maintaining funding during this litigation prevents harm to vulnerable communities. Any delay in implementing rescissions imposes only a minimal burden on Defendants relative to the severe disruption to Plaintiff's service network.

**CONCLUSION**

9. For the foregoing reasons, Complainant Louisiana Delta Service Corps (operating as Serve Louisiana) respectfully requests that the Court grant its Motion for a Preliminary Injunction enjoining Defendants from terminating any current AmeriCorps grant awards pending final resolution of this action, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donald C. Hodge, Jr.
Donald C. Hodge, Jr. (LSB #29251)
Box 481
Westminster, Colorado 80036
Voice: 225-800-7124
Fax: 888-297-2959
Email: attorneydonaldhodge@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2025, the foregoing Motion for a Preliminary Injunction was filed via CM/ECF and served on all counsel of record.

/s/Donald C. Hodge, Jr.