UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA DELTA SERVICE CORPS (operating as Serve Louisiana),
   Plaintiff,
v.
CORPORATION FOR NATIONAL AND COMMUNITY SERVICE (d/b/a AmeriCorps Agency),
UNITED STATES DEPARTMENT OF GOVERNMENT EFFICIENCY (DOGE),
OFFICE OF MANAGEMENT AND BUDGET,
   Defendants.

CASE NO.: 3:25-cv-00378-JWD-RLB

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## NATURE OF ACTION

1. This action arises under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706; the National and Community Service Act (NCSA), 42 U.S.C. §§ 12501 et seq.; the U.S. Constitution (Appropriations Clause and Fifth Amendment Due Process Clause); Congressional Budget and Impoundment Control Act of 1974, 2 U.S.C. § 683, and applicable federal regulations (Uniform Guidance, 2 C.F.R. Part 200; AmeriCorps ASN regulations, 45 C.F.R. Part 2540). Plaintiff challenges Defendants' abrupt rescission of awarded AmeriCorps grants—orders issued by OMB, implemented by DOGE, and executed by the AmeriCorps Agency—without statutory or constitutional authority.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (APA), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 2201 (Declaratory Judgment Act). Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and a substantial part of the events occurred here.

## PARTIES

3. Plaintiff Louisiana Delta Service Corps (operating as Serve Louisiana) is a nonprofit organization and the state service commission under Louisiana law, responsible for administering AmeriCorps State and National grant programs in Louisiana.

4. Defendant Corporation for National and Community Service (AmeriCorps Agency) is an independent federal agency authorized by Congress to award and oversee AmeriCorps grants.

5. Defendant, the United States Department of Government Efficiency (DOGE), is an executive branch department established by presidential directive to improve government efficiency; on April 25, 2025, DOGE directed the cancellation of AmeriCorps grants without notice or process.

6. Defendant Office of Management and Budget (OMB) is part of the Executive Office of the President, responsible for budget and appropriations directives; on April 24, 2025, OMB issued a memorandum rescinding funding for AmeriCorps awards, precipitating DOGE's and AmeriCorps Agency's actions.

**FACTUAL BACKGROUND**

7. On April 25, 2025, AmeriCorps sent a Termination Notice to Volunteer Louisiana, which administers grants to Serve Louisiana. The notice cited 2 C.F.R. § 200.340(a)(4) because the grant "no longer effectuates agency priorities." It directed the immediate cessation of all award activities and declared the decision final and non-appealable (Exhibit A).

8. On April 30, 2025, Serve Louisiana's Executive Director, Lisa Moore, filed an Affidavit detailing that for fiscal year 2024, Serve Louisiana was awarded $701,000 in AmeriCorps funds under the National and Community Service Act. Serve Louisiana currently employs 37 AmeriCorps members who serve in 18 nonprofit and grassroots organizations throughout Baton Rouge and New Orleans. If this termination is allowed to take effect, all 37 members will be exited with three months left in their 11-month term, losing stipends, health insurance, and education awards; 18 partner organizations will lose valuable service support; and Serve Louisiana itself will lose two full-time staff positions (Exhibit B).

9. Under 42 U.S.C. § 12636(a), AmeriCorps may terminate a grant only "for material failure to comply" and only after providing written notice and a hearing opportunity. Serve Louisiana received neither.

10. AmeriCorps's regulations (45 C.F.R. § 2540.400(b)) require "reasonable notice and opportunity for a hearing" before termination. None was provided.

11. Uniform Guidance, 2 C.F.R. § 200.340(a)(4), authorizes termination for changed priorities only if that condition was "specified in the terms and conditions of the Federal award" and "authorized by law." Serve Louisiana's award terms contain no such provision, and the National and Community Service Act does not authorize convenience terminations.

12. The Office of Management and Budget issued a rescission memorandum on April 24, 2025, directing the cancellation of AmeriCorps grant appropriations. That action usurps Congress's exclusive power under the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7.

13. Serve Louisiana possesses a property interest in mid-term grant funds. The Fifth Amendment prohibits deprivation of property without due process; Serve Louisiana was afforded no process whatsoever.

**CLAIMS FOR RELIEF**

**COUNT I: VIOLATION OF APA–ARBITRARY AND CAPRICIOUS, 5 U.S.C. § 706(2)(A)**

14. "The reviewing court shall... hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Defendants' sudden, unexplained rescission of a compliant grant is arbitrary, capricious, and an abuse of discretion.

**COUNT II: VIOLATION OF APA – EXCEEDING AUTHORITY, 5 U.S.C. § 706(2)(C)**

15. "The reviewing court shall... hold unlawful and set aside agency action, findings, and conclusions found to be—(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." Defendants acted beyond the authority granted by the National and Community Service Act and the Serve America Act.

**COUNT III: VIOLATION OF APA – PROCEDURAL VIOLATIONS, 5 U.S.C. § 706(2)(D)**

16. "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law... and shall... hold unlawful and set aside agency action... found... (D)

without observance of procedure required by law." Defendants followed no legal procedure in terminating the contract.

### COUNT IV: NCSA DUE PROCESS VIOLATION, 45 C.F.R. § 2540.400(b)(1)

17. Defendants violated statutory due process by terminating a grant without the required "reasonable notice and opportunity for a full and fair hearing."

### COUNT V: UNIFORM GUIDANCE VIOLATION, 2 C.F.R. §§ 200.342

18. Defendants disregarded the requirement to specify termination provisions in award terms and bypassed the appeal process mandated by federal regulations.

### COUNT VI: AMERICORPS ASN SUSPENSION AND TERMINATION REGS, 45 C.F.R. §§ 2540.230(a), 2540.400(b)

19. Defendants disregarded the right to dispute resolution under 45 C.F.R. § 2540.230(a) and failed to provide reasonable notice and hearing opportunity under 45 C.F.R. § 2540.400(b).

### COUNT VII: VIOLATION OF APPROPRIATIONS CLAUSE AND IMPOUNDMENT CONTROL ACT

20. This claim arises under U.S. Const. art. I, § 9, cl. 7 (Appropriations Clause) and the Congressional Budget and Impoundment Control Act of 1974, 2 U.S.C. § 683.

21. The Appropriations Clause vests exclusive spending power in Congress, mandating that "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."

22. The Impoundment Control Act prohibits unilateral rescission of budget authority without congressional approval. 2 U.S.C. § 683(b) permits deferrals only in narrow circumstances not present here.

23. Congress appropriated $975,525,000 for AmeriCorps in FY2024 (Pub. L. No. 118-47, 138 Stat. 694), including:

   a. $19,538,000 for state commissions;

   b. $37,735,000 for National Civilian Community Corps (NCCC);

   c. $8,558,000 for Volunteer Generation Fund;

   d. $557,094,000 for AmeriCorps State/National grants;

   e. $103,285,000 for VISTA.

24. Congress mandated that "significant changes to program requirements... [occur] only through public notice and comment rulemaking" (2024 Appropriations Act § 401, 138 Stat. 695).

25. Identical funding levels and conditions continued in FY2025 under the Full-Year Continuing Appropriations Act, 2025, § 1101(a), 139 Stat. 10–11.

26. Defendants engaged in mass rescission of funds under Executive Order No. 14,222 (Feb. 26, 2025), directing termination of grants to "reduce Federal spending."

27. On April 15, 2025, AmeriCorps unlawfully terminated all NCCC projects and 2,000 participants, ending a statutorily authorized program (42 U.S.C. § 12612(a)).

28. Between April 25–28, 2025, Defendants cancelled $400 million in AmeriCorps grants (41% of agency funding), including Serve Louisiana's unspent balance of $1,594,133.48 (Grant 24AFGLA001).

29. Defendants cited 2 C.F.R. § 200.340(a)(4) ("no longer effectuate agency priorities") to justify illegal refusal to expend congressionally appropriated funds.

30. Defendants impounded funds without congressional rescission approval, violating the Impoundment Control Act and bypassing required rulemaking procedures.

31. These actions constitute separation-of-powers violations by usurping Congress's exclusive spending authority. *Train v. City of New York*, 420 U.S. 35 (1975).

32. Mass terminations prevent appropriated funds from being used as Congress intended, nullifying congressional intent.

33. Courts have enjoined similar executive impoundments (*Guadamuz v. Ash*, 368 F. Supp. 1233 (D.D.C. 1973)).

34. Congress "circumscribed agency discretion" by specifying programs/priorities and requiring notice-and-comment for changes (*Lincoln v. Vigil*, 508 U.S. 182, 193 (1993)).

35. Defendants' failure to comply renders terminations unlawful.

**COUNT VIII: FIFTH AMENDMENT DUE PROCESS VIOLATION**

36. Serve Louisiana's property interests in ongoing grant payments were deprived without due process.

PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that this Court:
A. Declare Defendants' termination of Serve Louisiana's AmeriCorps grant arbitrary, capricious, ultra vires, procedurally defective, and unconstitutional;
B. Issue preliminary and permanent injunctions enjoining enforcement of the April 25, 2025 termination and directing continued funding;
C. Award costs and attorneys' fees under the Equal Access to Justice Act;
D. Grant all other just and proper relief.

Respectfully submitted,

/s/ Donald C. Hodge, Jr. (LSB #29251)
Box 481, Westminster, Colorado 80036
Voice: 225-800-7124 | Fax: 888-297-2959
Email: attorneydonaldhodge@gmail.com

## CERTIFICATE OF SERVICE

I certify that on July 9, 2025, I electronically filed the foregoing Notice of Funding Explanation with the Clerk of Court via the CM/ECF system, which sends notice of filing to all counsel of record.

/s/ Donald C. Hodge, Jr.

## VERIFICATION

I, Lisa Moore, Executive Director of Louisiana Delta Service Corps, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Lisa Moore*
LISA MOORE
July 8, 2025